UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JOHNNIE EARL WHEELER, [1] #32067                                        PETITIONER

VS.                                                  CIVIL ACTION NO. 5:17cv54-DCB-FKB

JACQUELYN BANKS                                                         RESPONDENT

REPORT AND RECOMMENDATION

Before the Court is the petition for habeas corpus relief filed by Johnnie Earl Wheeler. *See* 28 U.S.C. § 2254.  The Respondent has filed a Motion to Dismiss [6] pursuant to 28 U.S.C. § 2244(d), to which Wheeler has filed a "Traverse."  [7].  For the reasons that follow, the undersigned finds that Wheeler's petition is untimely and recommends that the Motion to Dismiss be granted.

I. FACTS AND PROCEDURAL HISTORY

On September 25, 1970, Wheeler was convicted of murder and sentenced to a term of life in prison by the Circuit Court of Lincoln County, Mississippi.  The Mississippi Supreme Court dismissed Wheeler's direct appeal of his conviction when it determined that he had abandoned the appeal.  *Wheeler v. State,* 249 So. 2d 652 (Miss. 1971).[2]  Since that time, the Parole Board of the Mississippi Department of Corrections ("Parole Board") granted and revoked Wheeler's parole on seven different occasions.[3]  *See* [6-2].  Wheeler's seventh and most recent revocation,

---

[1] The Court observes that filings demonstrate that Wheeler has also used the name "Johnnie H. Wheeler."  *See* [6-1] in the case *sub judice*; [7-8], Civil Action No. 3:10cv318-TSL-FKB.  The Mississippi Court of Appeals discussed the discrepancy and noted that Wheeler had been convicted of murder under the name "Johnnie H. Wheeler." *Wheeler v. State*, 164 So. 3d 501, 506 (Miss. Ct. App. 2015).

[2] While the direct appeal of his conviction was pending, Wheeler escaped from custody.  *Wheeler,* 249 So. 2d at 652.  The Mississippi Supreme Court dismissed his case, citing a judicially crafted rule requiring dismissal of an appeal when a person convicted of a felony escapes from custody and remains a fugitive during the pendency of his appeal.  *Id.*  The record before the Court does not provide information regarding Wheeler's later return to custody.

[3] Some history of Wheeler's parole revocations, as well as his expertise in challenging the revocations, is recounted

dating from March 19, 2015, is the subject of this habeas petition[4] and stems from his arrest on January 9, 2015, for shoplifting. [2] at 5-6. After a hearing, the Parole Board revoked Wheeler's parole on March 19, 2015, based on failure to report, a residence violation, electronic monitoring violations, curfew violations, and two charges of felony shoplifting. [2] at 20.

Wheeler signed his petition for habeas corpus relief on April 26, 2017, and it was filed in this Court on May 1, 2017.[5] The State responded with its Motion to Dismiss [6], and related exhibits, arguing that the Petition is untimely. Wheeler has filed a Traverse [7], asserting, *inter alia*, that because he was only charged with a crime, and not convicted, he is actually innocent of any crime that could have been the basis of his revocation and, furthermore, the statute of limitations does not apply to him.

## II. DISCUSSION

Wheeler asserts two separate bases for relief in his petition [1], supported by a separate memorandum brief [2]. For reasons explained below, the Court finds that Wheeler's petition is untimely, therefore it will not address the merits of his arguments.

The State points to 28 U.S.C. § 2244(d) as the basis of its position. Amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), § 2244(d) reads as follows:

---

at *Wheeler*, 164 So. 3d 501 (Miss. Ct. App. 2015), which addresses the sixth revocation of his parole.

[4] Wheeler has challenged four of his previous parole revocations in this Court through petitions for habeas corpus relief, as follows: (1) Civil Action No. 3:99cv86-BN, which the Court dismissed without prejudice for failure to exhaust state remedies; (2) Civil Action No. 3:01cv526-WS, which the Court dismissed with prejudice; (3) Civil Action No. 3:05cv563-HTW-JCS, which the Court dismissed as successive, or, alternatively, as untimely under 28 U.S.C. § 2244(d); and (4) Civil Action No. 3:10cv318-TSL-FKB, which the Court dismissed as moot due to Wheeler's release from prison on parole. In addition, this Court has dismissed a 42 U.S.C. § 1983 action filed by Wheeler against the Parole Board when it denied him parole six times while he was in custody for his three 1997 convictions for possession of cocaine. *See* Civil Action No. 3:05cv501-HTW-JCS.

[5] "For pleadings submitted by prisoners acting pro se, the Fifth Circuit has recognized that a 'mailbox rule' applies and that the date when prison officials receive the pleading from the plaintiff for delivery to the court is considered the time of filing for limitations purposes. *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). It may reasonably be inferred that a prisoner delivered his petition to the prison officials for mailing on the date he signed it.

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1996).

The AEDPA, enacted on April 24, 1996, imposed a one-year statute of limitations for the filing of a federal habeas petition.  Thus, unless the narrow exceptions of § 2244(d)(1)(B)-(D) apply, a federal habeas petition must be filed within one year of the final judgment of the defendant's conviction, subject to tolling for the period when a properly filed motion for post-conviction relief is pending in state court.  *See Cantu-Tzin v. Johnson,* 162 F.3d 941, 944 (5th Cir. 1998), *cert. denied*, 119 S. Ct. 847 (1999).  AEDPA's statute of limitations period may also be equitably tolled if a petitioner shows "(1) that he has been pursuing his rights diligently, and

---

*See United States v. O'Kaine*, 971 F.Supp. 1479, 1480 (S.D. Ga. 1997)." *Punch v. State of Louisiana*, 1999 WL 562729, *2 n.3 (E.D. La. July 29, 1999)(unpublished).

(2) that some extraordinary circumstances stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010)(internal quotations and citations omitted); *see also Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000)(equitable tolling may apply to extend the one-year statute of limitations period, but only in rare and exceptional circumstances).

Under Mississippi law, "an order revoking a suspension of sentence or revoking probation is not appealable." *Griffin v. State*, 382 So. 2d 289, 290 (Miss. 1980)(citation omitted). The procedure to challenge a revocation is set forth in Mississippi Code Annotated § 99-39-5(1)(h), which requires that a petitioner file a motion for post-conviction relief. *See Gray v. State*, 29 So. 3d 791 (Miss. Ct. App. 2009)(citing *Martin v State,* 556 So. 2d 357, 358-359 (Miss. 1990)). Permission to file a motion for post-conviction relief challenging a conviction, furthermore, must be obtained from the Supreme Court of Mississippi. *See* Miss. Code Ann. § 99-39-7 (Supp. 2014)("Where the conviction and sentence have been affirmed on appeal or the appeal has been dismissed, the motion under this article shall not be filed in the trial court until the motion shall have first been presented to a quorum of the Justices of the Supreme Court of Mississippi, . . . and an order granted allowing the filing of such motion in the trial court."); *see also Wheeler*, 164 So. 3d at 510 (Roberts, J., dissenting).

In this case, Wheeler's conviction for the purposes of his parole revocation became final on March 19, 2015, the date on which his parole was revoked. To toll the federal statute of limitations, he was required to file a "properly-filed" motion for post-conviction collateral relief on or before March 19, 2016. Although he presented filings attacking the revocation of his parole to state authorities before March 19, 2016, *see* [6-4], [6-5], these post-conviction filings

are not "properly filed" motions as contemplated by 28 U.S.C. § 2244(d)(2).[6] *See Moore v. Cain*, 298 F.3d 361, 366-367 (5th Cir. 2002); *see also*, *Larry v. Dretke*, 361 F.3d 890, 893 (5th Cir. 2004)(quoting *Artuz v. Bennett*, 531 U.S. 4 (2000)(finding that "an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable law and rules governing filings.")).  A previous filing by Wheeler in a habeas case demonstrates that Wheeler was aware of the proper procedure.  *See* Application to Proceed in the Trial Court [7-8], Civil Action No. 3:10cv318-TSL-FKB.  Because Wheeler did not properly file a motion for post-conviction relief challenging his parole revocation prior to March 19, 2016, the one-year statute of limitations found in § 2244(d)(2) ran uninterrupted from March 19, 2015, to March 19, 2016.  Although Wheeler made other filings in state court after March 19, 2016, these filings did not operate to toll the federal habeas statute of limitations because it had already expired.  *See* [6-8], [6-10], [6-14], [6-18].

Wheeler's petition, furthermore, does not set forth any circumstances which are so "rare and exceptional" as to warrant equitable tolling of the AEDPA statute.  *Davis v. Johnson*, 258 F.3d 806, 811 (5th Cir. 1998)(AEDPA may be equitably tolled, albeit only in "rare and exceptional circumstances"); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)(for equitable tolling to apply, Petitioner must prove that he has been pursuing his rights diligently, and that some extraordinary circumstance stood in his way).  The undersigned concludes that Petitioner has shown no reason he should be excused from meeting the AEDPA deadline.

---

[6] Document [6-4] is a Request for Administrative Remedy filed with the Administrative Remedies Program of the Mississippi Department of Corrections on April 22, 2015, that was rejected on May 1, 2015. [6-4] at 6. Document [6-5], entitled "Motion to Dismiss Revocation Proceedings," was filed on June 5, 2015, in the Circuit Court of Lincoln County.  In an order entered January 4, 2016, the Circuit Court found that it was without jurisdiction to rule on the matter.  [6-6].  Wheeler appealed the Order to the Mississippi Supreme Court, which dismissed the appeal without prejudice to his "right to challenge the parole revocation through a petition for post-conviction relief."  [6-7].

## III.  CONCLUSION

For the reasons set forth in this Report and Recommendation, the Motion to Dismiss [6] should be granted, and this case should be dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636, *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

RESPECTFULLY SUBMITTED, this the 13th day of January, 2018.

/s/  F. Keith Ball
UNITED STATES MAGISTRATE JUDGE