**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**JOHNNIE EARL WHEELER**                                                            **PETITIONER**

**v.**                                                    **CAUSE NO. 5:17-CV-54-DCB-MTP**

**JACQUELYN BANKS**                                                            **RESPONDENT**

**ORDER ADOPTING REPORT AND RECOMMENDATION
AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

This cause is before the Court on Magistrate Judge F. Keith Ball's Report and Recommendation **[Doc. 8]** that the Court dismiss with prejudice Johnnie Earl Wheeler's Petition for Writ of Habeas Corpus, and Wheeler's Objection **[Doc. 9]** to that Report and Recommendation.

Magistrate Judge Ball recommends that the Court dismiss Wheeler's Petition for Writ of Habeas Corpus because it is untimely under the one-year limitation period of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) and not subject to equitable tolling. Having reviewed the Report and Recommendation, Wheeler's Objection, and applicable statutory and case law, the Court finds as follows:

**I. BACKGROUND**

Wheeler is serving a life sentence for murder in the custody of the Mississippi Department of Corrections. Wheeler petitioned

the Court for a writ of habeas corpus after the Mississippi Parole Board revoked his parole.[1] Although Wheeler's parole revocation became final on March 19, 2015, Wheeler did not file his petition for a writ of habeas corpus until April 26, 2017 — over twenty-five months later.

Respondent Jacquelyn Banks moved to dismiss Wheeler's petition as untimely under 28 U.S.C. § 2244(d). And Magistrate Judge Ball recommends that the Court grant Respondent's motion and dismiss Wheeler's petition with prejudice.

Magistrate Judge Ball's Report and Recommendation concludes that Wheeler's petition is untimely under the AEDPA's one-year limitation period because it was filed on April 26, 2017, more than one year after the parole board revocation Wheeler sought to challenge became final. Equitable estoppel does not toll the AEDPA's one-year limitation period, Magistrate Judge Ball reasons, because Wheeler fails to show the "rare and exceptional circumstances" required to justify tolling the statute.

Wheeler objects to Magistrate Judge Ball's Report and Recommendation. Wheeler appears to argue that the AEDPA's one-year limitation period does not apply to decisions of a parole board.[2] [Doc. 9, p. 8] Wheeler also argues, in a single, conclusory

---

[2] The remainder of Wheeler's Objection consists of generalized attacks on "judicial activism" and allusions to Greek mythology and nineteenth century German literature.

2

sentence, that the AEDPA's one-year limitation period cannot apply to him because he is actually innocent of the shoplifting charges that led the Mississippi Parole Board to revoke his parole. [Doc. 9, p. 8]

## II. DISCUSSION

Because Wheeler fails to pinpoint the portions of the Report and Recommendation to which he objects, the Court reviews de novo the entirety of Magistrate Judge Ball's Report and Recommendation. See 28 U.S.C. § 636(b)(1)(C).

**A. Timeliness**

Magistrate Judge Ball correctly concludes that Wheeler's petition is untimely under the AEDPA's one-year limitation period. Under the AEDPA, a state prisoner such as Wheeler must file a federal petition for habeas corpus within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. 2244(d)(1)(A).

The AEDPA's limitation period began to run when Wheeler's parole revocation became final on March 19, 2015. And the period expired one year later, on March 19, 2016. The period was not tolled between March 19, 2015 and March 19, 2016 by operation of 28 U.S.C. § 2244(d)(2) because Wheeler at no point presented a

"properly filed application for State post-conviction relief or other collateral review."

To the extent Wheeler objects to the Report and Recommendation's conclusion that his petition was untimely filed, the objection lacks merit and is overruled.

**B.  Equitable Tolling**

Magistrate Judge Ball correctly concludes that Wheeler is not entitled to invoke equitable tolling to excuse his untimely-filed habeas petition.

To equitably toll the AEDPA's one-year limitation period, Wheeler must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." Manning v. Epps, 688 F.3d 177, 183 (5th Cir. 2012) (quoting Holland v. Florida, 560 U.S. 631, 649 (2010)). Wheeler shows neither.

But even assuming Wheeler has diligently pursued his rights, he shows no "extraordinary circumstances" that prevented him from timely filing his habeas petition. Examples of "extraordinary circumstances" include when a petitioner is "actively misled by the defendant about the cause of action," Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999), or when the Court "has led the plaintiff to believe that she had done everything required of her." United States v. Patterson, 211 F.3d 927, 931 (5th Cir. 2000).

4

The only allegation even approaching an attempt to show an "extraordinary circumstance" is Wheeler's suggestion that he is "unschooled in law." [Doc. 9, p. 5] Lack of legal training, however, is not a "rare and exceptional" circumstance that justifies equitably tolling the AEDPA's one-year limitation period. Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000).

To the extent Wheeler objects to the Report and Recommendation's conclusion that equitable tolling should not apply to excuse his untimely-filed petition for habeas corpus, the objection lacks merit and is overruled.

**C. Applicability of the AEDPA's Limitation Period to Parole Revocation**

Wheeler argues that the timeliness and equitable tolling analyses are unnecessary because his habeas petition, attacking a decision of the Mississippi Parole Board, is not subject to the AEDPA's limitation period.

Wheeler's argument lacks merit. The AEDPA's one-year limitation period applies to parole board decisions. In Brown v. Johnson, for example, the Fifth Circuit affirmed a district court's dismissal of a habeas petition challenging revocation of parole as untimely under the AEDPA's limitation period.[3]

---

[3] Brown v. Johnson, 2000 WL 729065, at *2 (5th Cir. 2000) (per curiam). See also Ledesma v. Stephens, 2016 WL 3660787, at *3 n.4 (S.D. Tex. Apr. 1, 2016)(assuming that the AEDPA's limitation period applies to parole board decisions); Williams v. Federal Dist. Court, 2012 WL 1570768, at *2 (E.D. Tex. Mar. 16, 2012)(applying the AEDPA's limitation period to challenge of parole

5

**D.    Actual Innocence**

On the final pages of his Objection, Wheeler "argues actual innocence of any charge of any crime allowing permanent revocation of his parole." [Doc. 9, pp. 8-9] No facts are provided; no new evidence is offered.

Actual innocence, if proved, is an exception to the AEDPA's one-year limitation period. McQuiggin v. Perkins, 569 U.S. 383, 386 (2013). To prove actual innocence, a petitioner must convince the Court "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." McQuiggin, 569 U.S. at 386 (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)).

Wheeler fails to meet the McQuiggin standard for pleading actual innocence sufficient to except his petition from the AEDPA's one-year limitation period. Because he has not identified any new evidence, much less that which would preclude a reasonable juror from finding him guilty, Wheeler fails to show actual innocence under McQuiggin, and again fails to remove his untimely-filed petition from the AEDPA's one-year limitation period.

---

board decision); Armstrong v. Quarterman, 2006 WL 3103723, at *2 (N.D. Tex. Nov. 2, 2006)(same).

### III. CONCLUSION

Because the target of Wheeler's Objection is unintelligible, the Court independently reviewed the entire record and reviewed <u>de novo</u> the entirety of Magistrate Judge Ball's Report and Recommendation. Magistrate Judge Ball's findings of fact and conclusions of law are correct. Wheeler's objection lacks merit, Wheeler is denied a certificate of appealability, and this action shall be dismissed with prejudice.

**ACCORDINGLY,**

**IT IS HEREBY ORDERED** that Magistrate Judge F. Keith Ball's Report and Recommendation **[Doc. 8]** is **ADOPTED** as the findings and conclusions of this Court;

**FURTHER ORDERED** that the petitioner Johnnie Earl Wheeler's Objections **[Doc. 9]** are **OVERRULED**, his Petition for a Writ of Habeas Corpus **[Doc. 1]** is **DISMISSED WITH PREJUDICE**, and the petitioner is **DENIED** a certificate of appealability.

A Final Judgment dismissing Wheeler's Petition for Writ of Habeas Corpus will follow in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED,** this the 9th day of February, 2018.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE
